**Deborah JACKSON and Victoria Davis, Plaintiffs–Appellants,**

v.

**AMERICAN LOAN COMPANY, INC., Defendant–Appellee.**

No. 99–2596.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 5, 2000

Decided Feb. 2, 2000

Daniel A. Edelman (submitted), Edelman, Combs & Latturner, Chicago, IL, for Plaintiffs–Appellants.

Joseph R. Marconi (submitted), Johnson & Bell, Chicago, IL, for Defendant–Appellee.

Before BAUER, EASTERBROOK, and KANNE, Circuit Judges.

PER CURIAM.

Plaintiffs contend that the Truth in Lending Act, 15 U.S.C. §§ 1601–77, does not permit a lender to use the word "fee" rather than the term "finance charge" to describe a price for extending the payment deadline. Nothing in the Act or its regulations requires use of the term "finance charge" for any transaction other than the initial loan or its refinancing—and it is common ground that an extension of time to make one payment of a multi-payment loan is neither. But plaintiffs insist that when the entire debt is repaid in one lump sum any extension must be deemed a "refinancing" of the principal—and most rules applicable to an original extension of credit must be followed for refinancings. 12 C.F.R. § 226.20(a). If delay in repaying a single-payment loan is a statutory "refinancing," then the lender may not call the charge a "fee." The district court rejected plaintiff's position and dismissed the complaint for failure to state a claim on which relief may be granted. 1999 WL 417440, 1999 U.S.Dist. LEXIS 9143 (N.D. Ill. June 10, 1999).

This is one of many recent suits concerning "payday loans," short-term credit designed to be repaid on the borrower's next payday. See *Smith v. Cash Store Management, Inc.*, 195 F.3d 325 (7th Cir.1999); *Smith v. Check–N–Go of Illinois, Inc.*, 200 F.3d 511 (7th Cir.1999). Defendant American Loan Company permits its clients to put off repayment in exchange for an "extension fee." Any charge for deferred repayment is economically equivalent to interest and thus could be labeled a finance charge (with an associated annual percentage rate), but the Truth in Lending Act does not track the economic vocabulary through the whole course of credit extension and repayment. The statutory disclosures are required, and the Act's terminology governs, only before credit is extended. 15 U.S.C. § 1638(b); 12 C.F.R. § 226.17(b). How the parties deal subsequently is largely up to them. Only a few events following the extension of credit are regulated; one of these is refinancing. 12 C.F.R. § 226.20. Deferral is equivalent to a different original loan with a longer term, but this is true of *any* change in the timing or conditions of repayment. Treating economic equivalence as "refinancing" would destroy the distinction between the initial extension of credit (to which the Act applies) and subsequent arrangements (to which it does not).

If the statute and the Federal Reserve (which administers the Act) had been silent on the difference between refinancing and modification of a loan, we would be entitled to reach an independent decision on the location of that line. *Adams v. Plaza Finance Co.*, 168 F.3d 932 (7th Cir. 1999). But the Federal Reserve has not been silent; its Official Staff Commentary says:

> Changes in the terms of an existing obligation, such as the deferral of individual installments, will not constitute a refinancing unless accomplished by the cancellation of that obligation and the substitution of a new obligation.

Official Staff Commentary to 12 C.F.R. § 226.20(a) (12 C.F.R. Pt. 226, Supp. I, p.

399). *Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 566–68, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980), recognizes that the Official Staff Commentary provides lenders with a defense to claims based on conduct that took place while the Commentary was in force. See 15 U.S.C. § 1640(f). American Loan does not "cancel" the old loan and note, or substitute a new one, when it agrees to defer repayment until another payday, and thus it does not "refinance" the loan.

Nonetheless, plaintiffs insist that the Official Staff Commentary should be limited to situations in which the lender defers a subset of payments; when a note calls for only one, the argument goes, *any* change in the due date equals a refinancing. Whether or not it makes economic sense, that position would make hash of the Official Staff Commentary, which uses deferral of "individual installments" just as an illustration. The rule stated by the Commentary is that only "the cancellation of [the original] obligation and the substitution of a new obligation" amount to a refinancing. See *Begala v. PNC Bank, Ohio, N.A.,* 163 F.3d 948 (6th Cir.1998). To say, as plaintiffs do, that a loan "expires by its terms" on the original due date is fanciful. All of the loan's terms, including the repayment obligation, persist. The agreement and note specify legal obligations even after a due date is extended. Under 12 C.F.R. § 226.20(a)(1) even a "renewal of a single payment obligation with no change in the original terms" is not treated as a refinancing. An extension without "renewal" likewise is not a refinancing. And because the Truth in Lending Act does not apply to the deferral, American Loan Company is free to call the price an "extension fee" rather than a "finance charge."

It also follows that use of the word "fee" for an extension does not change the "original terms" of the loan. The agreement between Jackson and American Loan does not provide for extensions. If it did, and if it calculated a "finance charge" for deferred repayment, then later use of the word "fee" might be thought to depart from the original agreement—though this sounds more like a contract claim under state law than like a claim under the Truth in Lending Act. But if all that occurs is that the borrower and lender reach a post-loan bargain in which the lender attaches a price to delay in repayment, then the parties are free to call that price what they want (provided, of course, that the price is accurately disclosed, as it was here). That the term "extension fee" appears in a new document does not matter, unless that document accompanies a new loan (or the refinancing of an old one), and, as we have already held, the deferral does neither.

AFFIRMED